IN THE UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

**JPMORGAN CHASE BANK, N.A**.

    Interpleader Plaintiff,

v.                                         Case No. 1:23-cv-13213

**REBECCA MCCRENSKY**, and
**KATHERINE FORBES a/k/a
KATHERINE FLANDERS**,

    Defendants.

## COMPLAINT FOR INTERPLEADER

Interpleader Plaintiff JPMorgan Chase Bank, N.A. (**"Chase"**) hereby files this Complaint for Interpleader pursuant to 28 U.S.C. §§ 1335 and 2361, and states as follows:

### Nature of Action

1. This is an action for interpleader pursuant to 28 U.S.C. § 1335 to determine the proper ownership, transfer, and/or distribution of, and Interpleader Defendants' entitlement to assets held by Interpleader Plaintiff.

2. Interpleader Defendants include the following: (a) Rebecca McCrensky ("**McCrensky**"), and (b) Katherine Forbes a/k/a Katherine Flanders ("**Forbes**").

3. Interpleader Defendants each claim an interest in funds held by Chase.

4. This interpleader action is necessary because Interpleader Defendants' competing claims to the funds held by disinterested Interpleader Plaintiff Chase potentially expose Chase to multiple liabilities. Specifically, Chase was served with a Massachusetts state court execution by McCrensky. By contrast, Chase has been served with a state court complaint by Forbes. Both allege to be entitled to the same funds held by Chase.

5. Because of these conflicting claims and exposure to multiple liabilities, Chase brings this Interpleader Complaint. Chase is entitled to bring this action under 28 U.S.C. § 1335.

6. Chase is a mere disinterested stakeholder in this action and does not have an interest in the ultimate allocation or disposition of the Funds among Interpleader Defendants.

## Parties

7. Chase is a national banking association organized and operating pursuant to the laws of the United States of America with its main office in Columbus, Ohio. Chase is a citizen of Ohio for diversity purposes.

8. Interpleader Defendant McCrensky is a resident of the State of Massachusetts.

9. Interpleader Defendant Forbes is a resident of the State of Florida.

## Jurisdiction and Venue

10. This interpleader action is brought pursuant to 28 U.S.C. § 1335 because it involves two or more adverse claimants of diverse citizenship who claim or may claim to be entitled to the same monies of $500.00 or more, which Chase currently has in its custody, such that Chase may be exposed to double liability.

11. Venue is proper pursuant to 28 U.S.C. § 1397 because one or more of the defendants resides in this judicial district. Specifically, McCrensky resides in this judicial district.

12. This Court has jurisdiction over Forbes pursuant to the Massachusetts Long Arm Statute, G.L. c. 223A § 3, because Forbes transacted business in the Commonwealth.

## The Funds at Issue

**McCrensky's Claim to the Funds**

13. On or about November 10, 2020, McCrensky filed suit against Forbes in the Massachusetts Housing Court, Southeast Division, in the matter styled *Rebecca McCrensky v.*

*Katherine Flanders*, Case No. 20H83CV00275CI (the "**Housing Court Action**"). Attached hereto as Exhibit A is a true and correct copy of the Housing Court Action docket sheet.

14. In the Housing Court Action, McCrensky alleged seven counts against Forbes related to the lease between Forbes as landlord and McCrensky as tenant for property located at 77 Sparks Avenue, Nantucket, Massachusetts (the "**Property**") and resulting tenancy. Specifically, McCrensky alleged: Count I, Negligence; Count II, Interference with Quiet Enjoyment; Count III, Breach of the Implied Warranty of Habitability; Count IV, Intentional Infliction of Emotional Distress; Count V, Negligent Infliction of Emotional Distress; Count VI, Violation of the Security Deposit Laws; Count VII, Violation of G.L. c. 93a. A true and correct copy of the complaint filed in the Housing Court Action is attached hereto as Exhibit B.

15. On or about February 17, 2021, Forbes filed an answer and counterclaim in the Housing Court Action. A true and correct copy of the answer and counterclaim in the Housing Court Action is attached hereto as Exhibit C.

16. On or about March 25, 2022, the Housing Court issued a judgment and order for McCrensky and against Flanders. A true and correct copy of the judgment and order is attached hereto as Exhibit D.

17. In the judgment and order, the Housing Court entered an order for assessment of damages for McCrenskey "in the amount of **$33,751.12** for breach of the warranty of habitability" and "as to the Security Deposit of **$7,500 plus interest of $334.90 and Attorney's fees of $6,770.00.**" Ex. D, p. 8 (emphasis in original).

18. On March 25, 2022, the Housing Court issued a final judgment in the total amount of $55,336.92. *See* Ex. A, 3/25/22 entry.

19. On April 26, 2022, the Housing Court issued an execution on money judgment in the amount of $55,919.51. *See* Ex. A, 4/26/22 entry

20. On or about November 23, 2022, McCrensky filed suit against Forbes in the Massachusetts District Court, Lowell District Court styled as *Rebecca McCrensky v. Katherine Flanders*; Case No. 2211CV0000953, pending in the Trial Court of Massachusetts, Lowell District Court (the "**Lowell District Court Action**"). Attached hereto as Exhibit E is a true and correct copy of the Lowell District Court Action docket sheet.

21. In the Lowell District Court Action, McCrensky filed a complaint to enforce the Housing Court Action Judgment. Attached hereto as Exhibit F is a true and correct copy of the complaint filed in the Lowell District Court Action.

22. Forbes maintains a deposit account at Chase (the "**Chase Account**"). McCrensky utilized the Massachusetts Trustee Process procedure to attach $59,648.65 in the Chase Account (the "**Funds**"). Attached hereto as Exhibit G and H respectively are the Trustee Process Summons to Chase and Chase's Answer thereto. Chase is currently holding the Funds pursuant to McCrensky's trustee process attachment.

23. On or about November 10, 2023, McCrensky obtained a Massachusetts money judgment (the "**Judgment**") against Forbes in the amount of $66,482.31. *See* Ex. E, at 11/10/23 Entry.

24. On November 27, 2023, the Lowell District Court issued an "Execution Writ on property held by trustee issued against Chase Bank for judgment total $59,648.65." A true and correct copy of the Execution Writ McCrensky served on Chase is attached hereto as Exhibit I.

25. The execution orders Chase to pay over the Funds to McCrensky. *See* Ex. I.

26. In connection with the Execution, McCrensky's counsel is demanding that Chase pay over the Funds or be subjected to collection efforts.

27. McCrensky maintains that she is entitled to the Funds forthwith.

**Forbes's Claim to the Funds**

28. In opposition to McCrensky, Forbes maintains that Chase has unlawfully complied with the Massachusetts summons and is demanding that Chase release the Funds back to her. In addition to lodging complaints with Chase's executive office, Forbes has commenced a *pro se* lawsuit against Chase and McCrensky in the Circuit Court in and for Palm Beach County, Florida, styled as *Katherine Forbes vs. Chase Bank and Rebecca McCrensky*, Case No. 50-2023-CA-015793; (the "**Florida Action**") alleging, among other things, that McCrensky's trustee process attachment through the Lowell District Court violates Florida and federal law, that Chase is unlawfully preventing Forbes from using the Funds, and that McCrensky "fraudulently obtained my social security number and is trying to steal money from me circumventing all laws that regulate (lawful) bank attachments of Florida residents." True and correct copies of the online case docket, civil cover sheet, and complaint ("Emergency Motion for Temporary Restraining Order") in the Florida Action are attached hereto as Composite Exhibit J.

**Chase: A Disinterested Stakeholder**

29. Chase is currently facing competing claims to the Funds by McCrensky and Forbes, who both have a potential interest in the Funds. Due to their conflicting claims, Chase is uncertain to whom the Funds should be paid and is concerned about the potential for exposure to double liability.

30. As a mere disinterested stakeholder, Chase has no interest in the resolution of the dispute between McCrensky and Forbes regarding entitlement to the Funds. Chase therefore respectfully requests that this Court determine to whom the Funds should be paid.

31. This Court has the authority to award reasonable attorney's fees to an innocent stakeholder, like Chase here, in interpleader actions.

32. Pursuant to Local Rule 67.2, Chase stands ready and willing to deposit the Funds, plus any additional applicable interest, into the Registry of the Court for the Court to make a final determination regarding who is entitled to the Funds between McCrensky and Forbes.

## **COUNT I- INTERPLEADER**

33. The allegations contained in paragraphs 1 through 32 are incorporated herein by reference.

34. Chase is the custodian of the Funds to which it has no claim beyond its entitlement to fees, costs, and attorney fees for having to bring this Interpleader action.

35. Because of the competing and conflicting actions filed by the Interpleader Defendants, Chase is exposed to multiple liability regarding the Funds. Both McCrensky and Forbes contend that they are entitled to the Funds. Although Chase takes no position as to the conflicting claims regarding the distribution of the Funds, Chase cannot transfer and/or distribute the Funds without being subjected to multiple claims by Interpleader Defendants.

36. Chase is ready, willing, and fully prepared to deposit the Funds into the Court. Chase will comply with the future orders or the judgment of the Court with respect to the Funds at issue in this matter in accordance with 28 U.S.C. § 1335.

37. Chase is a disinterested stakeholder and has no interest in the disposition of the Funds.

38. Chase has not brought this Complaint in Interpleader at the request of any of the Interpleader Defendants.

39. There is no fraud or collusion between Chase and any of the Interpleader Defendants.

40. Chase brings this Complaint in Interpleader to avoid being subject to liability because of the multiple and conflicting claims.

41. Accordingly, Chase requests that the Court join the above-named Interpleader Defendants and require them to litigate their claims against one another.

42. Chase further requests that the Court order that Funds be paid into the Court during the pendency of this litigation and that all Interpleader Defendants be barred from commencing or prosecuting any other action, claim, counterclaim, or otherwise, against Chase arising from the Funds and the dispute at issue in this interpleader action.

43. Chase further requests that Chase be dismissed from this matter, that the Court issue an order absolving Chase from any and all liability arising from this action after depositing the Funds with the Registry of the Court, and that the Court order that all of Chase's costs and attorneys' fees incurred as a result of the Interpleader Defendants' dispute, and which necessitated the filing of this action, be paid to Chase from the Funds.

WHEREFORE, Chase respectfully requests that this Court adjudge that:

a. Chase be entitled to pay the Funds, plus any additional applicable interest, into the Registry of the Court;

b. Chase be dismissed with prejudice from this action and discharged from any further liability upon payment of Funds, plus any additional applicable interest, into the Registry of the Court, or as otherwise directed by this Court;

c. Discharging Chase from any and all liability to Interpleader Defendants relating in any way to the Funds;

d. Each of McCrensky and Forbes be restrained and enjoined from instituting any action or proceeding in any state or United States court against Chase or any of its parent or affiliate companies for the recovery of the Funds pursuant to 28 U.S.C. § 2361;

e. Each of McCrensky and Forbes be required to interplead and settle between themselves their rights to the Funds, plus any additional applicable interest, or any part thereof;

f. Chase recover its reasonable costs and attorney's fees; and

g. Such other and further relief be granted as this Court deems just and proper.

Dated: December 28, 2023

Respectfully submitted,
INTERPLEADER PLAINTIFF
JPMORGAN CHASE BANK, N.A.,
By their attorney,

 /s/ Anne V. Dunne
Anne V. Dunne (BBO # 681893)
anne.dunne@gtlaw.com
GREENBERG TRAURIG, LLP
One International Place Suite 2000
Boston, MA 02110
Telephone: (617) 310-5207
Facsimile: (617) 310-6001