UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JPMORGAN CHASE BANK, N.A.<br>    Plaintiff,<br><br>v.<br><br>REBECCA MCCRENSKY, and<br>KATHERINE FORBES a/k/a<br>KATHERINE FLANDERS<br>    Defendants. | Case No. 1:23-cv-13213AK |

## ANSWER OF DEFENDANT REBECCA MCCRENSKY TO COMPLAINT FOR INTERPLEADER

Now comes the Defendant, Rebecca McCrensky ("McCrensky") and files her answer to the Complaint for Interpleader.

### Nature of Action

1. Paragraph 1 contains a statement of law to which no response is required.

2. Admitted.

3. Admitted that Defendant Forbes/Flanders has made a claim to the funds, denied that this claim is in any way valid.

4. Denied.

5. Paragraph 5 contains no allegations of fact to which a response is required.

6. Denied that Chase is a mere disinterested stakeholder, in fact, it is a Trustee Process Defendant in the Lowell District Court Action (as that term is defined in the Complaint).

### Parties

7. McCrensky is without sufficient knowledge, information or belief to admit or deny the allegations contained in Paragraph 7.

1

8. Admitted.

9. McCrensky is without sufficient knowledge, information or belief to admit or deny the allegations contained in Paragraph 9.

## Jurisdiction and Venue

10. Paragraph 10 contains a statement of law to which no response is required.

11. Paragraph 11 contains a statement of law to which no response is required.

12. Paragraph 1 contains a statement of law to which no response is required.

13. Admitted.

14. Neither admitted nor denied- the complaint filed in the action speaks for itself.

15. Admitted.

16. Admitted.

17. Neither admitted nor denied, the document speaks for itself.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted that the Defendant, Forbes/Flanders has made numerous claims, denied that these claims are in any way factually accurate or legally sufficient.

29. Denied that Chase is facing a valid claim to the Funds by the Defendant, Forbes/Flanders. McCrensky's claim against the Defendant Forbes/Flanders has been reduced to judgment in the Lowell District Court and Chase, as a nominal party to that action, is subject to a Trustee Execution ordering it to turn over the funds to McCrensky, which order Chase is knowingly and willfully refusing to obey.

30. Denied that Chase is a "mere disinterested stakeholder", in fact, it is a Trustee Process Defendant in the Lowell District Court Action subject to an outstanding Trustee Execution ordering it to pay over the funds to McCrensky, which order Chase is knowingly and willfully refusing to obey.

31. Paragraph 31 contains a conclusion of law to which no response is required.  Denied that Chase is an innocent stakeholder as it has failed and refused to release the funds pursuant to the order to do so contained in the Trustee Execution which should not entitle Chase to recover attorneys' fees.

32. McCrensky is without sufficient knowledge, information or belief to admit or deny the allegations contained in Paragraph 32.

## COUNT I- INTERPLEADER

33. McCrensky repeats and realleges her answers to Paragraphs 1-32 of the Complaint as if the same were set forth fully herein.

34. Admitted that Chase is holding funds, denied that it is entitled to fees and costs of this action due to its bad faith claims and unclean hands.

35. Denied.

36. McCrensky is without sufficient knowledge, information, or belief to admit or deny the allegations contained in Paragraph 36.

37. Denied that Chase is a "mere disinterested stakeholder", in fact, it is a Trustee Process Defendant in the Lowell District Court Action subject to an outstanding Trustee Execution ordering it to pay over the funds to McCrensky, which order Chase is knowingly and willfully refusing to obey.

38. McCrensky is without sufficient knowledge, information, or belief to admit or deny the allegations contained in Paragraph 38.

39. Admitted that there is no fraud or collusion between Chase and McCrensky, but McCrensky is without sufficient knowledge, information, or belief as to the allegation that there is no collusion between Chase and the Defendant, Forbes/Flanders.

40. Denied that there are conflicting claims.

41. Paragraph 41 contains a no allegations of fact to which a response is required.

42. Paragraph 42 contains a no allegations of fact to which a response is required.

43. Paragraph 43 contains a no allegations of fact to which a response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The action should be dismissed because the Plaintiff, Chase, has unclean hands by virtue of the fact that a Trustee Execution has issued against it in the same matter that the Judgment Debtor, Forbes/Flanders has been determined to be liable to the Defendant McCrensky and Chase is knowingly and willfully refusing to comply with the Trustee Execution and turn the funds over to McCrensky.

### SECOND AFFIRMATIVE DEFENSE

The action should be dismissed because the Plaintiff, Chase, is guilty of laches in failing to promptly comply with the Trustee Execution and turn the funds over to McCrensky.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff, Chase, is not a mere "disinterested stakeholder-" it is a Trustee Process Defendant in the Lowell District Court and actively participated in said Lowell District Court action by filing an answer and failing to respond to the Motion to Charge Trustee and was therefore adjudicated a trustee and ordered to disburse the funds to the Defendant McCrensky. Since the Plaintiff is not a disinterested stakeholder, it has brought the instant action in bad faith.

### FOURTH AFFIRMATIVE DEFENSE

As the claim of the Defendant, McCrensky, has already been reduced to judgment in the Lowell District Court, the Florida action which prompted the filing of this interpleader action is without merit. Any claims by the Plaintiff that interpleader is required because there are "competing claims" is alleged in bad faith and the instant action should be dismissed.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff alleges that the Florida action constitutes a "competing claim" however, the Florda Action was filed on November 14, 2023 (Exhibit J to Complaint) while judgment entered against the Defendant Forbes/Flanders in the Lowell District Court on November 10, 2023 (Exhibit E to Complaint). Said judgment has not been appealed and stands as final judgment against the Defendant, Forbes/Flanders. On information and belief, service of process of the Florida Action has not been made on the Plaintiff and, therefore, the Defendant Forbes/Flanders has done nothing to prosecute her "claim". The Plaintiff's claim that it faces any liability to Defendant Forbes/Flanders is speculative and since no party has been served in the Florida action, the instant action should be dismissed as premature.

The Defendant
Rebecca McCrensky
By her attorneys:

*/s/ John O. Postl*

John O. Postl, BBO# 567729
POSTL LEGAL
21 Mayor Thomas J. McGrath Highway
Suite 404
Quincy, MA 02169
(617) 423-6400
John.Postl@JohnPostlPC.com

CERTIFICATE OF SERVICE

I, John O. Postl, certify that I served the foregoing document via electronic mail upon all counsel registered in the CM/ECF filing system:

> Anne V. Dunne
> Anne.dunne@gtlaw.com
> Greenberg Traurig
> One International Place
> Suite 2000
> Boston, MA 02110

And by first class mail to the Defendant, Katherine Forbes a/k/a Katherine Flanders;

> Katherine Flanders
> 881 Sanctuary Cove Drive
> North Palm Beach, FL 33410

> */s/ John O. Postl*
> _____
> John O. Postl

Dated:  February 2, 2024